UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
GARY RICHARD THOMAS and ) CASE NO.: 04-10783
MARY MAGDALENE THOMAS )
)
Debtor(s) )

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion for Enlargement of Time to File Notice of Removal of State Court Action of WEMA Natural Resources, Inc. ("WEMA"), William McIntosh ("McIntosh"), and Sharon Cooper ("Cooper") and the Objection of the Debtors Gary R. Thomas and Mary M. Thomas ("Debtors"). The Court reviewed the written submissions of the parties and considered the arguments of counsel at the hearing held on this matter. For the following reasons, the Court will grant the Motion for Enlargement of Time to File Notice of Removal of State Court Action.

**FACTS AND PROCEDURAL BACKGROUND**

On August 26, 2003, Debtors signed an Oil and Gas Lease with WEMA relating to real property owned by Debtors in Logan County, Kentucky.

On September 2, 2003, Debtors and Clyde and Carolyn Baugh ("the Baughs") entered into an Oil and Gas Lease on the same property Debtors had previously leased to WEMA on August 26, 2003. The Baughs then immediately assigned a one-half interest in this Lease to the Debtors.

On March 4, 2004, the Debtors conveyed the real estate (underlying the Oil and Gas Leases) to the Baughs and simultaneously entered into a land sale contract under which Debtors purchased the real estate from the Baughs.

On December 4, 2003, Debtors filed suit against WEMA in the Todd Circuit Court seeking damages arising out of the Oil and Gas Lease. The Todd Circuit Court action is styled <u>Gary R. Thomas, et al. v. WEMA Natural Resources, Inc., et al. v. Clyde T. Baugh, et al.</u>

On May 5, 2004, Debtors filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

On September 9, 2004, an Order of Discharge was entered in Debtors' bankruptcy case.

Debtors failed to list either of the Oil and Gas Leases, the transfer of the real estate, the assignment from the Baughs to Debtors, or the existence of the Todd Circuit Court lawsuit on the Schedules to their Petition. Debtors further failed to provide WEMA with notice of their bankruptcy.

WEMA discovered the existence of the bankruptcy case in the spring of 2005 and notified the Trustee about the Leases and the Todd Circuit Court lawsuit. The Trustee moved to reopen the bankruptcy and an Order reopening the case was entered on May 10, 2005. The Trustee had been aware of an action styled <u>Thomas v. McIntosh, et al.</u> in the Logan Circuit Court, however, which may have involved the Leases.

On September 8, 2005, WEMA filed its Complaint to Revoke Discharge against the Debtors.

On October 4, 2005, WEMA filed its Motion for Enlargement of Time to File Notice of Removal of the State Court Action.

## LEGAL ANALYSIS

WEMA seeks an extension of time to file a Notice of Removal of the lawsuit pending in the Todd Circuit Court pursuant to Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure.

Rule 9027 governs the time period in which civil actions that were initiated prior to commencement of a bankruptcy case may be removed to this Court. The Rule provides, in pertinent part:

> . . . a notice of removal may be filed only within the longest of
>
> (A) 90 days after the order for relief in the case under the Code,
>
> (B) 30 days after entry of an order terminating a stay if the claim or cause of action in a civil action has been stayed under §362 of the Code, or
>
> (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order of relief.

Fed. R. Bankr. 9027(a)(2). WEMA did not file a notice of removal within the allowable time periods under Rule 9027(a)(2) because it was not aware of the existence of the bankruptcy until long after these periods had expired.

WEMA contends that under Rule 9006, it may seek an extension of the time period to file a notice of removal under 9027. Rule 9006(b) provides, in pertinent part, that the court for cause shown may at any time in its discretion ". . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the

-3-

result of excusable neglect." WEMA assets that the Debtors' failure to disclose their bankruptcy constitutes excusable neglect entitling it to an enlargement of time to file the notice of removal. The Court agrees.

An extension of time after the relevant period of time has expired may be made where the failure to act was the result of "excusable neglect" as prescribed by the Supreme Court in Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395 (1993). The factors set forth in Pioneer for determining excusable neglect are (1) the danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Id. At 395.

The Court finds that WEMA has met the elements for establishing excusable neglect under the Pioneer standard. The first element is the danger of prejudice to the debtor. Debtors can hardly complain of prejudice when it was their failure to disclose the state court lawsuit and Oil and Gas Leases on their Schedules that caused the delay.

The second element is the length of the delay. WEMA states that it first discovered the bankruptcy in the spring of 2005 and that it disclosed that information to the Trustee. The Trustee promptly moved to reopen the case and indicated that he would seek removal of the state court action. WEMA acted promptly after the case was reopened by filing its Complaint to Revoke Debtors' Discharge and in seeking this extension.

The third element is consideration of the reason for the delay. The reason for the delay is due to Debtors' failure to accurately disclose information on their Schedules. This delay was not the result of WEMA's inaction.

The final element is whether the movant acted in good faith. The Court has no evidence to indicate WEMA is acting in bad faith. While the Court is not fully versed on all claims in the state court case, it is clear that at least part of the case deals with estate assets. The Court finds that WEMA has acted in good faith and has demonstrated excusable neglect justifying an extension of time to file its notice of removal.

## **CONCLUSION**

For all of the above reasons, the Court **GRANTS** WEMA's Motion for Enlargement of Time to File a Notice of Removal of the State Court Action. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GARY RICHARD THOMAS and ) | CASE NO.: 04-10783 |
| MARY MAGDALENE THOMAS ) | |
| ) | |
| Debtor(s) ) | |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated hereby by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Enlargement of Time to File Notice of Removal of State Court Action of WEMA Natural Resources, Inc., William McIntosh and Sharon Cooper, be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that WEMA is granted 10 days from the date of this Order to file its notice of removal.